IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No: 7:94-CR-00036-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| PHILIP MURPH | ) | |
| | ) | |

This matter is before the court on defendant's *pro se* motion to modify his sentence under 18 U.S.C. § 3582 and the First Step Act of 2018 ("First Step Act"), (DE # 143), and defendant's counseled supplemental motion for a sentence reduction under the First Step Act, (DE # 145).

In 1995, defendant pled guilty to conspiracy to distribute cocaine base ("crack cocaine") and was sentenced to 156 months imprisonment and 60 months of supervised release. Defendant's term of supervised release began in June 2006. In April 2008, defendant was charged with conspiracy to distribute cocaine in the Eastern District of New York ("EDNY"). Subsequently, upon a superseding indictment, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute 500 grams or more cocaine and attempt to distribute and possess with intent to distribute cocaine. United States v. Murph, No. 08-CR-322 (JMA) (E.D.N.Y.). In April 2010, defendant was sentenced to 20 years imprisonment on each count, to run concurrently. In August 2010, based on this criminal conduct and the United States Probation Office's ("USPO") motion for revocation of supervised release, this court sentenced defendant to 30 months imprisonment, to run consecutively to the sentence defendant was serving.

In February 2020, defendant filed his *pro se* motion. The court appointed the Federal

Public Defender to represent him pursuant to Standing Order No. 19-SO-3 (E.D.N.C.). In May 2020, the Federal Public Defender filed a notice of appearance on behalf of defendant and filed the supplemental motion for a sentence reduction. The government filed a response in opposition. (DE # 147.) The USPO then filed a memorandum setting forth its assessment of defendant's eligibility for relief. (DE # 148.) Defendant filed a reply brief and a response to the USPO memorandum. (DE ## 149, 150.)

In his counseled motion, defendant requests that his revocation sentence be reduced to 18 months, to be served concurrently with the EDNY sentence.[1] (DE # 145, at 9.) The government concedes defendant is eligible for relief. (Resp., DE # 147, at 1, 3-4.) However, it contends, "[c]onsidering the need to adequately deter Defendant's criminal conduct, a sentence reduction is inappropriate for Defendant." (Id. at 5.)

"[Section] 404(b) of the First Step Act expressly allows a court to impose a reduced sentence in order to give retroactive effect to sections 2 and 3 of the Fair Sentencing Act." United States v. Chambers, 956 F.3d 667, 673 (4th Cir. 2020). "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [these] sections . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

To determine whether defendant is eligible for relief under the First Step Act, the court considers whether defendant is serving a sentence for a "covered offense." United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020); see also United States v. Venable, 943 F.3d 187, 194 (4th Cir. 2019) (holding the district court has the "authority to resentence a defendant serving a

---

[1] In his *pro se* motion, defendant requests that the court reduce his term of imprisonment by 30 months or, alternatively, his term of supervised release by 30 months. (DE # 145-1, at 9.)

term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense.'" (emphasis omitted)). The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Those sections of the Fair Sentencing Act increased the threshold amounts of crack cocaine to trigger mandatory minimum terms of imprisonment for trafficking crack cocaine and eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine. See Pub. L. No. 111-220, §§ 2, 3, 124 Stat. 2372 (2010).

In this case, defendant committed the crack cocaine offense prior to 3 August 2010. At the time defendant committed that offense, the relevant statutory penalties were 10 years to life imprisonment and five years to life supervised release. 21 U.S.C. §. 841(b)(1)(A) (1996). The Fair Sentencing Act modified these penalties. If the Fair Sentencing Act was in effect at the time defendant committed the crack cocaine offense, he would be subject to no more than 20 years imprisonment and three years to life supervised release. 21 U.S.C. § 841(b)(1)(C) (2018). Accordingly, defendant is serving a sentence for a "covered offenses" under the First Step Act, and he is eligible for relief.

Even so, the court retains significant discretion in determining whether a reduction under the First Step Act is warranted and the extent of any reduction. See Wirsing, 943 F.3d 175, 180 (4th Cir. 2019). Informing the court's decision are the relevant 18 U.S.C. § 3553(a) factors and the defendant's post-sentencing conduct. See Chambers, 956 F.3d at 674-75.

At the outset, the court agrees with the government that defendant's initial sentence

3

obviously did not deter him from reoffending, and he committed a serious breach of trust by engaging in criminal conduct while on supervised release. However, these considerations are outweighed by others. Defendant is now 50 years old and has been incarcerated more than 12 years. During that time, he has maintained employment and completed numerous educational courses. (DE # 145-2, at 1; DE # 145-3.) Although defendant has been disciplined for possession of gambling paraphernalia, the Bureau of Prisons ("BOP") deems that act moderately severe, BOP Program Statement 5270.09, Inmate Discipline Program, at 51 (Aug. 1, 2011), and it occurred more than seven years ago, (DE # 145-4). Defendant's security classification is low. (DE # 145-2, at 1.) Additionally, the court considers defense counsel's representation that defendant suffers from chronic asthma, (Suppl. Mot., DE # 145, at 7-8), a condition which may put him at a higher risk of developing severe illness from COVID-19, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/ asthma.html (last visited July 22, 2020), and of particular concern in the prison setting.[2]

Defendant's guideline range for revocation is lower than when he was sentenced. With the change in statutory penalties due to the First Step Act, defendant's offense is now a Class C felony. See 18 U.S.C. § 3559(a)(3). As a result, the statutory maximum term of imprisonment he could serve on revocation is two years. See id. § 3583(e)(3). If these changes were in effect when defendant was sentenced on the revocation, his applicable guideline range would have been 12 to 18 months imprisonment. See U.S.S.G. §§ 7B1.1(a)(1), 7B1.4(a) (2018).

Considering all these factors, the court concludes a reduction in defendant's sentence to 18 months is appropriate. In determining whether this sentence should be concurrent with, or

---

[2] The court notes that this consideration is somewhat tempered by the fact that Petersburg Low FCI, where defendant is incarcerated, has only one inmate who has tested positive for COVID-19. https://www.bop.gov/

4

consecutive to, the sentence defendant is currently serving, the court has considered the non-binding, policy statement of the Sentencing Commission that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," id. § 7B1.3(f); see also United States v. Thompson, 595 F.3d 544, 546–47 (4th Cir. 2010) ("Revocation sentences are governed by non-binding, policy statements in the Sentencing Guidelines Manual. Though a district court must consider the Chapter Seven policy statements and other statutory provisions applicable to revocation sentences, the court has broad discretion to impose a particular sentence." (citations omitted)). Nonetheless, given all the circumstances, the court finds a concurrent sentence is warranted.

For the foregoing reasons, defendant's supplemental motion for a sentence reduction is ALLOWED. Defendant's *pro se* motion is ALLOWED to the extent defendant seeks relief consistent with the supplemental motion; otherwise, it is DENIED. Defendant's previously imposed sentence of imprisonment as reflected in the judgment dated 3 August 2010 is REDUCED to 18 months, concurrent with any other sentence defendant is currently serving.

This 27 July 2020.

	W. Earl Britt
	Senior U.S. District Judge

---

coronavirus/ (last visited July 22, 2020).